## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAYLOR MORRISON, INC., et. al,**

      **Plaintiffs,**

**vs.**                                             **Case No.: 8:10-CV-1347-33EAJ**

**CHARTIS SPECIALTY INSURANCE CO., f/k/a**
**AMERICAN INTERNATIONAL SPECIALTY**
**LINES INSURANCE CO.,**

      **Defendant.**

_____/

## ORDER

Before the court are Plaintiffs Taylor Morrison, Inc., Taylor Morrison Services, Inc., Taylor Woodrow Communities at Vasari, LLC., Taylor Morrison of Florida, Inc, and Taylor Woodrow Homes of Southwest Florida Division, LLC's (collectively "Taylor Morrison") **Motion for Protective Order** (Dkt. 84) and Defendant's **Opposition to Plaintiffs' Motion for Protective Order** (Dkt. 90).  For the reasons explained below, Plaintiffs' motion is **DENIED**.

### Background

Plaintiffs are a group of related companies that design and construct residential homes. Defendant, an insurer, sold commercial liability policies to Plaintiffs.  Multiple homeowners have sued Plaintiffs alleging property damage and personal injury caused by defective Chinese drywall installed in homes constructed by Plaintiffs.  In the present case, Plaintiffs seek a judgment declaring that Defendant has a duty to indemnify Plaintiffs for damages that Plaintiffs became legally obligated to pay as a result of the defective drywall lawsuits by homeowners.

The claims at issue cover some 200 homes constructed by Plaintiffs.  Plaintiffs filed the present motion seeking to limit discovery to ten (10) "test-case" homes.  Plaintiffs assert that the

nature of the alleged drywall defects are the same for all homes and that the coverage issues can be fully litigated by focusing on ten test-case homes selected by Plaintiffs.  Plaintiffs submit that conducting discovery on each of the 200 homes at issue would be unreasonably burdensome.

Defendant responds that because Plaintiffs are alleging coverage for all 200 homes, Defendant is entitled to inspect each home to determine whether "property damage" or "bodily injury" has occurred within the meaning of the policy.  According to Defendant, discovery as to only ten homes will not shed any light on whether property damage or bodily injury has occurred in the other 190 homes.  Defendant also argues that Plaintiffs have not met their burden of showing that discovery on all 200 homes would be unreasonably burdensome.  Although Defendant maintains that it has a right to inspect all 200 homes, Defendant states that at this time, it has no intention of conducting discovery on every home.

## Discussion

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party seeking the protective order has the burden of showing "good cause."  United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citation omitted).  The burden of showing good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  Id.  When determining good cause, courts may balance the interest of the parties as well as consider the likelihood and severity of the perceived harm.  See In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987).  Finally, a court must limit the scope of discovery if it finds that the discovery sought is unreasonably cumulative or duplicative or if the burden of the proposed discovery outweighs the likely benefits considering the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the

discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C).

Limiting discovery to a representative sample can save substantial time and expense, and in some cases, it can represent the only practical means of collecting and presenting relevant data.  <u>See</u> Manual for Complex Litigation (Fourth) § 11.493 (2004); <u>see also</u> <u>Daniel v. Quail Int'l, Inc.</u>, No. 3:07-CV-53, 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010) (citation omitted) (noting that representative discovery, or "sampling," is a permissible means of determining damages in class action suits).  A court should ensure that any use of sampling provides a meaningful, objective sample of data.  <u>See</u> Manual for Complex Litigation (Fourth) § 21.14 n.780 (2004).

In this case, Plaintiffs have not met their burden of showing good cause for a protective order.  In a conclusory fashion, Plaintiffs broadly state that "discovery" should be limited to ten test-case homes selected by Plaintiff, but they have not elaborated on what types of discovery they seek to limit or proffered any facts demonstrating why such discovery would be unduly burdensome.  For example, brief interrogatories directed at all 200 homeowners might not be burdensome considering that some of the homeowners have already filed suit against Plaintiffs and might have information pertaining to the defective drywall readily available.  On the other hand, extensive physical testing on each of the 200 homes might be considered burdensome depending on the surrounding facts and circumstances, such as the inconvenience to the individual homeowners and the cost of the testing relative to the amount in controversy and resources available to the parties.

Furthermore, Plaintiffs have not sufficiently demonstrated that their selection of test-case homes represents a meaningful, objective sample of the homes at issue.  Plaintiffs state that the proposed test-case homes represent four developers, four communities, and three drywall manufacturers.  However, five Taylor Morrison entities are parties to the suit, and there is no information as to how many drywall manufacturers or development communities are represented

in the 200 homes at issue.  Also, other factors might be relevant to selecting an objective sample of test-case homes: for example, the number of defective drywall boards used in each home, the size of the home, or whether a home is new construction or renovation.  (See Dkt. 84, Plaintiffs' Ex. 1)[1]

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)     Plaintiffs' **Motion for Protective Order** (Dkt. 84) is **DENIED**; and

(2)     The parties are reminded of Local Rule 3.01(g), M.D. Fla., which requires a moving party to confer with opposing counsel before filing a motion.  The parties are encouraged to work together to identify the necessary types of discovery and to select an appropriate group of test-case homes.

**DONE** and **ORDERED** in Tampa, Florida on this 9th day of December, 2010.


ELIZABETH A JENKINS
United States Magistrate Judge

---

[1]  Plaintiffs' own exhibit – a district court's findings from another Chinese Drywall case – includes a discussion of why the test-case homes discussed in the court's findings were a representative sample of the contaminated homes at issue (Dkt. 84).  Among other factors, the court noted that the test-case homes ranged from modest townhomes to high-end custom homes and included homes with eight (8) defective drywall boards to homes with over 200 defective boards.